10-3025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EDDIE IBEA, Individually and on
Behalf of All Other Persons Similarly Situated,

       Plaintiffs,

  -against-

RITE AID CORPORATION,

       Defendant.
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 06 2010 ★
BROOKLYN OFFICE

No.

**COMPLAINT AND
JURY DEMAND**

TRAGER, J.

POLLAK, M.J

## INTRODUCTION

This action is brought on behalf of all "Co-Managers" employed by Rite Aid Corporation ("Defendant" or "Rite Aid") within the United States. Defendant misclassified Plaintiff and other similarly situated employees as exempt under federal and state overtime laws and failed to pay them overtime for hours above 40 in a workweek.

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself and other current and former Co-Managers employed by Defendant in the United States, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (the "Collective Action"), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*.

2. Plaintiff further complains, pursuant to Fed. R. Civ. P. 23, on behalf of himself and a class of other similarly situated current and former Co-Managers employed by Defendant within the State of New York (the "Class"), that they are entitled to overtime work for which they did not receive overtime premium pay as required by the New York Labor

1

Law §§ 650 *et seq.* ("New York Labor Law") and the supporting New York State Department of Labor regulations, (ii) entitled to liquidated/punitive damages under the New York Labor Law

## JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act ("CAFA"). The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs).

5. Upon information and belief, at least one member of the proposed class is a citizen of a state different from that of the Defendant.

6. Plaintiff's claims involve matters of national or interstate interest.

7. Defendant is subject to personal jurisdiction in New York.

8. This Court also has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, since it is so related to his FLSA claim that it forms part of the same case or controversy.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

11. Plaintiff Eddie Ibea was, at all relevant times, an adult individual, residing in Elmhurst, New York.

12. Plaintiff has been employed by Defendant from in or about 2004 through the present.

13. Plaintiff worked in excess of 40 hours per workweek without receiving overtime compensation as required by federal and state laws.

14. Defendant Rite Aid is a Delaware corporation, with its principal place of business at 30 Hunter Lane, Camp Hill, Pennsylvania. Defendant owns and operates approximately 5,000 retail drug stores nationwide, including numerous stores within New York State.

## COLLECTIVE ACTION ALLEGATIONS

15. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant in the United States at any time since July 6, 2007 to the entry of judgment in this case (the "Collective Action Period"), as Co-Managers, who did not receive overtime compensation.

16. The Collective Action Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number is dependent are presently within the sole control of the Defendant, upon information and belief, there are at least 200 members of the Collective Action during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

17. Plaintiff will fairly and adequately protect the interests of the members of the Collective Action and has retained counsel that is experienced and competent in the fields of

wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

18. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to seek individual redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

19. Questions of law and fact common to members of the Collective Action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other members of the Collective Action are:

    a. whether the Defendant employed the members of the Collective Action within the meaning of the FLSA;

    b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    c. whether Defendant failed to pay the members of the Collective Action overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    d. whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA; and

e. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees.

20. Plaintiff knows of no difficulty in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

21. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

22. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendant at any time since July 6, 2004 in the State of New York, to the entry of judgment in this case (the "Class Period"), who held the position of Co-Manager and who have not been paid overtime wages in violation of the New York Labor Law.

23. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 100 members of the Class during the Class Period.

24. The claims of Plaintiff are typical of the claims of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against a defendant.

25. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

26. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

27. Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

28. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

 a. whether Defendant failed to keep true and accurate time records for all hours worked by the Class;

 b. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

 c. whether Defendant failed and/or refused to pay Plaintiff and the Class overtime pay for hours worked in excess of 40 per workweek within the meaning of the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

 d. the nature and extent of the Class-wide injury and the appropriate measure of damages for the Class;

 e. whether Defendant has a policy of misclassifying workers as exempt from coverage of the overtime provisions of the New York Labor Law; and

f. whether Defendant's policy of misclassifying Co-Managers was done willfully or with reckless disregard of the statute.

## STATEMENT OF FACTS

29. At all relevant times, Plaintiff was employed as a Co-Manager for Defendant. Plaintiff's work was performed for the benefit of the Defendant, in the normal course of the Defendant's business and was integrated into the business of the Defendant.

30. All of the work that Plaintiff, the members of the Collective Action and the Class have performed has been assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiff, the members of the Collective Action and the Class have performed.

31. Upon information and belief, Rite Aid was aware, or should have been, that Co-Managers, *inter alia*: (a) primarily or solely performed stocking duties and other manual labor; (b) performed little or no supervisory functions; and (c) wielded little or no discretion in the performance of their duties.

32. Upon information and belief, it is Defendant's policy and practice to classify Co-Managers as executives, exempt from coverage of the overtime provisions of the FLSA and the New York Labor Law, without consideration of the duties these workers actually perform.

33. Upon information and belief, Defendant's unlawful conduct described on this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and New York Labor Law.

34. Upon information and belief, Rite Aid was or should have been aware that state and federal law require it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

35. Upon information and belief, despite their job duties, Rite Aid intentionally designated Plaintiff, the members of the Collective Action and the Class as "managerial" employees in an attempt to justify classifying them as exempt from overtime protections and avoid liability for overtime payments properly due them.

36. Rite Aid's failure to pay Co-Managers overtime wages for their work in excess of 40 hours per week was willful, arbitrary, unreasonable and in bad faith.

37. Plaintiff has been employed by Rite Aid from in or about 2004 through the present. Throughout that time and, upon information belief, both before that time (throughout the Collective Action/Class Period) and continuing until today, Defendant has likewise employed other individuals, like the Plaintiff (the Collective Action/the Class) as Co-Managers. They do not have the authority to hire or fire other employees nor, do they make hiring and firing recommendations.

38. Upon information and belief, throughout all relevant time periods, while Defendant employed Plaintiff and the Collective Action/the Class, Defendant failed to maintain accurate and sufficient time records.

## FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

39. Plaintiff, on behalf of himself and all Collective Action Members, realleges and incorporates by reference paragraphs 1 through 38 as if they were set forth again herein.

40. Defendant engaged in a widespread pattern, policy and practice of violating the FLSA, as detailed in this Complaint.

41. At all relevant times, Plaintiff and members of the Collective Action have been engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

8

42. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff and the members of the Collective Action.

43. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

45. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

46. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

47. At all relevant times, Defendant has had a policy and practice of refusing to pay for all hours worked, as well as pay overtime compensation to their Co-Managers for hours worked in excess of forty hours per workweek.

48. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated and, continues to violates, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

49. Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

50. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a). Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

51. Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and members of the FLSA Collective Action.

52. Due to Defendant's FLSA violations, Plaintiff, on behalf of himself and the members of the Collective Action, are entitled to recover from Defendant their unpaid overtime wages for all of the hours worked by them over 40 in a workweek, including the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes, an additional and equal amount as liquidated damages for Defendant's willful violations of the FLSA, prejudgment interest, reasonable attorneys' fees and costs and disbursements of this action.

## SECOND CLAIM FOR RELIEF:
## NEW YORK LABOR LAW

53. Plaintiff, on behalf of himself and the members of the Class, realleges and incorporates by reference paragraphs 1 through 38 as if they were set forth again herein.

54. Defendant engaged in a widespread pattern, policy and practice of violating the New York Labor Law, as detailed in this Complaint.

55. At all relevant times, Plaintiff and the members of the Class were employed by Defendant within the meaning of the New York Labor Law §§ 2 and 651.

56. Defendant willfully violated Plaintiff's rights and the rights of the Class, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek, in violation of the New York Labor Law and its regulations.

57. Defendant failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and the Class.

58. Defendant's New York Labor Law violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

59. Due to Defendant's New York Labor Law violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid overtime wages and liquidated damages, including the Defendant's share of FICA, FUTA, state unemployment insurance and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of the action, pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of himself and all other similarly situated members of the Collective Action and members of the Class, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b. Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Co-Managers, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and tolling of the statue of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.  An injunction requiring Defendant to cease its unlawful practices under, and comply with, the New York Labor Law;

e.  An award of unpaid wages for overtime compensation due under the FLSA and the New York Labor Law;

f.  An award of liquidated/punitive damages as a result of the Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and the New York Labor Law;

g.  An award of prejudgment and post-judgment interest;

h.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i.  Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: Rye Brook, New York
July 2, 2010

By: *Fran L. Rudich*
Fran L. Rudich

Jeffrey A. Klafter
Seth R. Lesser
Fran L. Rudich
KLAFTER, OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200

Peter Winebrake
R. Andrew Santillo*
THE WINEBRAKE LAW FIRM, LLC
Twining Office Center, Suite 114
715 Twining Road
Dresher, PA 19025
Telephone: (215) 884-2491

Gary E. Mason*
Nicholas Migliaccio*
MASON LLP
1625 Massachusetts Avenue, NW, Suite 605
Washington DC 20036
Telephone: (202) 429-2290

Michael A. Josephson*
FIBICH, HAMPTON & LEEBORN, LLP
1401 McKinney, Suite 1800
Houston, TX 77010
Telephone: (713) 751-0025

Robert E. DeRose*
Katherine A. Stone*
BARKAN NEFF HANDELMAN MEIZLISH LLP
360 S. Grant Avenue

P.O. Box 1989
Columbus, OH 43216-1989
Telephone: (614) 221-4221

***Attorneys for the Plaintiff***

* To be admitted *pro hac vice*